Mr. George Butler, Jr. County Attorney Washington County
280 North College, Suite 501 Fayetteville, Arkansas 72701
Dear Mr. Butler:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). Your request, which is made as the custodian's attorney, is based on A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel or employee evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter indicates that someone has requested several documents under the FOIA. You have gathered several documents pertaining to a former police Captain that you believe are responsive to the request. While the former employee objects to the release of the documents, you have determined that all the attached records are (1) classified as employee-evaluation records and (2) subject to disclosure. You have also (3) redacted every name that appears except for the name of the subject of the records and the subject's immediate supervisor who created each of the records.
You ask whether these three decisions are consistent with the FOIA.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. Having reviewed the records, it is my opinion (1) that, with one exception, you have properly characterized the records as employee-evaluations; *Page 2 
and (2) that you have properly decided to release the records; and (3) that, while most of your redactions are substantively correct, they are not done in the proper way because a recipient of the records can read straight through them to see the underlying information. Each conclusion is explained more fully below.
DISCUSSION I. General standards governing disclosure.
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the documents are held by the county, which is a public entity. As for the second element, the FOIA defines "public record" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[1]
All the attached records reflect the performance of the official functions of both the supervising officer and the employee being evaluated. Therefore, the documents are clearly public records. Accordingly, the documents must be disclosed unless some exception clearly requires otherwise. *Page 3 
 II. Exceptions to disclosure.
The FOIA provides two exceptions for items normally found in employees' personnel files.[2] For purposes of the FOIA, these items can usually be divided into two mutually exclusive groups: "personnel records"[3] or "employee evaluation or job performance records."[4] The test for whether these two types of documents may be released differs significantly.
When custodians assess whether either of these exceptions applies to a particular record, they must make two determinations. First, they must determine whether the record meets the definition of either exception. Second, assuming the record does meet one of the definitions, the custodian must apply that exception's test for disclosure to determine whether the FOIA requires that record be disclosed.
I will focus only on the employee-evaluation exception, which, given the attached records, is the most relevant exception.
While the FOIA does not define what is meant by "employee evaluations," this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer that detail the employee's performance or lack *Page 4 
of performance on the job.[5] This exception includes records generated while investigating allegations of employee misconduct and that detail incidents giving rise to an allegation of misconduct.[6]
If a document meets this definition, then the documentcannot be released unless all the following elements have been met:
 1. The employee was suspended or terminated (i.e., level of discipline);
 2. There has been a final administrative resolution of the suspension or termination proceeding (i.e., finality);
 3. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (i.e., relevance); and
 4. The public has a compelling interest in the disclosure of the records in question (i.e., compelling interest).[7]
As for the final prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in *Page 5 
the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.[8]
These commentators also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists, [9]
which is always a question of fact that must be determined, in the first instance, by the custodian after he considers all the relevant information.
III. Application.
We can now apply the foregoing to the attached documents. As noted above, you have made three determinations that I have been asked to review. Your first determination — i.e., that the records are classified as employee-evaluation records — is consistent with the FOIA. All the attached documents were created by the former employee's supervisor while the latter was investigating alleged misconduct.
As employee-evaluation records, the documents can only be released if the strict four-part test is met. You have indicated that after the investigation was completed, the former employee tendered a "coerced resignation," which this office has defined as a "resignation tendered in the face of certain, impending termination."[10] This office has previously opined that a coerced resignation can, in principle, amount to a constructive termination that would satisfy the first of the *Page 6 
four elements noted above — namely, suspension or termination.[11]
As this office has noted before, whether any resignation is a coerced resignation is a question of fact that must be decided by the custodian.[12] Because I am not a fact-finder when issuing opinions, I cannot determine whether the former employee in question was "terminated" for purposes of the FOIA. Accordingly, I am not in a position to affirm or deny your decision that the former employee tendered a "coerced resignation." Instead, I assume,arguendo, that your analysis of this prong is correct.
You also indicate that the remaining three elements of the test for the release of employee-evaluation records are met. The attached records appear to comprise all or part of the investigation of this former employee, which means that the second and third elements are met; namely, finality and relevance, respectively. Further, you believe there is a compelling public interest in these records because there is a public controversy surrounding the former employee's conduct. In addition to the public controversy, the subject of the records is a relatively high-ranking officer with supervisory authority over others. When the nature of the allegations is combined with the officer's high rank, and the public controversy, it seems that there is likely a compelling public interest. Accordingly, three of the remaining elements are met, which means the records must be disclosed.
Finally, you ask whether your redactions are consistent with the FOIA. When it comes to redacting information from public records, custodians must do the following: (1) redact all redactable information, (2) and only the redactable information; (3) and they must do so in such a way that the requester can see that something has been redacted.[13]
Your redactions partially meet the first element, and entirely meet the other two. As for the first element, a reader can see through each of your redactions. You will need to redact in such a way that prevents this. The third element is met because *Page 7 
you have made all redactions in a visible way thereby enabling the reader to see that something has been redacted.
As for the second element, you have redacted the identity of a corroborating witness. The separate transcript of the interview with this officer, along with any mention of this officer in other interviews, constitutes this officer's personnel record.[14]
Personnel records must be released unless doing so constitutes a clearly unwarranted invasion of personal privacy. In this case, while the public has some interest in knowing the identity of the corroborating officer, the interest is not nearly as high as the public's interest in the substance of the testimony and the fact that the testimony largely corroborates the complainant. I assume you have taken this into account when balancing the public's interest in disclosure against the witness's relatively high privacy interest in not having the witness's identity revealed. You have apparently decided that while the officer's testimony is disclosable, the officer's identity should be redacted. I have not been made aware of any countervailing facts that might upset this balancing. Accordingly, I assume this redaction was correctly made.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 187-89 (Arkansas Law Press, 5th ed., 2009).
[3] A.C.A. § 25-19-105(b)(12): This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter. . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[4] A.C.A. § 25-19-105(c)(1): "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[5] Op. Att'y Gen. 2004-012 (and opinions cited therein).
[6] Id.
[7] A.C.A. § 25-19-105(c)(1) (Supp. 2009); Op. Att'y Gen. 2008-065.
[8] Watkins Peltz,supra, at 217-18 (footnotes omitted).
[9] Id. at 216 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.").
[10] E.g., Op. Att'y Gen. 2007-322.
[11] Id.
[12] E.g., Op. Att'y Gen. 2007-061.
[13] A.C.A. § 25-19-105(d)(f)(3).
[14] A single employee-evaluation record can evaluate one or more employees. For purposes of the evaluation record, any employees evaluated by that record are its primary subjects. All other employees mentioned in, but not the primary subject of, that record are the secondary subjects. Whether any particular employee is a primary or secondary subject is a question of fact to be answered by the custodian. The release of primary subjects' information is governed by the employee-evaluation test as applied to each individual primary subject; whereas, the release of secondary subjects' information is governed by the personnel-records test for each individual secondary subject. Op. Att'y Gen. 2011-072.